versed, the bill is reinstated, and it is now ordered, adjudged and decreed that the contract made and entered into between the Board of Public Education of the School District of the City of Pittsburgh and James L. Stuart, on November 10, 1914, is illegal, null and void, and the defendants below, their officers, agents and servants, are respectively restrained and enjoined from doing any work in the construction of the said high school building in pursuance of said alleged contract, the costs below and on this appeal to be paid by the Board of Public Education of the School District of the City of Pittsburgh.

---

## McCann *v.* McCann, Appellant.

*Equity jurisdiction — Accounting — Tenants in common — Proceeds of sale of real estate.*

In a proceeding in equity by the heirs of a cotenant of real estate against the other cotenant for an accounting for balance of proceeds of the sale of such real estate, which defendant had been authorized by plaintiffs to effect, a decree directing an accounting is proper where the respondent acknowledges the receipt of $20,000 from the sale, of which only $1,300 was paid to the complainants, but claims that he is not indebted to complainants because of large expenditures, many years of litigation and a great amount of work required in perfecting the title and negotiating the sale of the property, without, however, stating to whom, for what purpose and how much was expended.

Argued Feb. 15, 1915. Appeal, No. 322, Jan. T., 1913, by defendant, from decree of C. P. Schuylkill Co., Nov. T., 1912, No. 9, in equity, directing an accounting in case of Mary McCann, widow of Thomas McCann, deceased, Margaret Kane, Michael McCann, Mary Clark, Annie McKinsey, Patrick J. McCann, and James McCann, by his mother and next friend, Mary McCann, children and heirs of the said Thomas McCann, v. Michael McCann.

Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity for an accounting.

BRUMM, J., filed the following opinion:

Bill, answer, amended answer and replication were filed in this case; testimony taken by complainants only; arguments made and briefs filed by both parties.

No requests were made by complainants for finding of law or fact, and no request by defendant for finding of fact, but defendant did make nine requests for findings of law, in which were involved matters of fact, all of which were specifically answered by the court and entered under each request for finding seriatim, and attached to the opinion of the court.

In this opinion, the court stated all the material facts and law involved in the case; and as Mr. Wilhelm, attorney for respondent, made the following statement: "That it is absolutely imperative on the court to make an interlocutory decree; first, as to whether we shall account," and as no testimony was taken on part of respondent, and no request made for finding of facts by either party, we concluded that for this interlocutory judgment, nothing more was required, especially as all the material facts were stated by the court in its answer to respondent's request for findings of law, and the opinion of the court, and not controverted by respondent. But, inasmuch as the appellate court has remitted the case to the court below for findings of fact and opinion, we respectfully submit:

That the respondent, Michael McCann, (by virtue of a power of attorney given to him by the heirs of his brother, Thomas McCann, the complainants in this case), sold a certain lot of ground in the City of Montreal, Canada, for the sum of twenty thousand ($20,000.00) dollars, the half of which, to wit: ten thousand ($10,000.00) dollars, was to have been paid to his brother's heirs, the

complainants in this case, less legal expenses and reasonable compensation;

That by fraud and false statements and broken promises, he deceived the heirs as to the amount he received for said property, and amount expended, declaring he had only twenty-six hundred ($2,600.00) dollars left in all, half of which, thirteen hundred ($1,300.00) dollars belonged to him;

That upon discovery of this fraud and deception, the heirs brought this bill, and showed that the whole amount received from the said respondent, Michael McCann, out of the ten thousand ($10,000.00) dollars, was thirteen hundred ($1,300.00 dollars, leaving a balance of eighty-seven hundred ($8,700.00) dollars to be accounted for;

That notwithstanding repeated promises to account for this balance, and make satisfactory settlement with them, he has failed to do so.

As per direction of the Supreme Court in the remittitur, we find the following facts:

First. That the claimants in this bill are children and heirs of Thomas McCann, deceased; one being a minor;

Second. That the said Thomas McCann, deceased, was a tenant-in-common with Michael McCann, deceased, of a certain lot of ground in the City of Montreal, Canada.

Third. That the complainants executed a power of attorney, authorizing the respondent, Michael McCann, to sell the said ground for twenty thousand ($20,000.00) dollars;

Fourth. That said Michael McCann did sell said property, and acknowledged that he received twenty thousand ($20,000.00) dollars for the same;

Fifth. That one-half of said sum, to wit: Ten thousand ($10,000.00) dollars, less legitimate expenses and reasonable compensation for the sale of the same, belonged to the heirs of the said Thomas McCann, the complainants in this bill;

Sixth. That by misrepresentation, the said Michael

McCann, the respondent, obtained from some of the complainants, receipts in full settlement of their account;

Seventh. That the said respondent promised all the complainants, from time to time, that he would give them a full and complete statement of the account, to satisfy them that they had received all that was coming to them, but that he has failed to render such account, or to make any statements to them, showing what he did with the ten thousand ($10,000.00) dollars belonging to them over and above the amount all parties agree was paid by respondent to complainants, totaling altogether thirteen hundred ($1,300.00) dollars, and leaving a balance of eighty-seven hundred ($8,700.00) dollars to be accounted for by respondent, all of which facts are not denied by respondent, but are legally established by the testimony of the complainants;

Eighth. That the defendants requested court to make an interlocutory decree as to whether the respondent should render such account, stating, that it is absolutely imperative on the court to do so.

Now, July 27th, 1914, we make the following interlocutory decree: we order and direct the respondent to file an account in this case for all moneys had and received, and expenses incurred in the sale of said lot of ground; and that notice be served on all parties, of the filing of this opinion, and finding of facts.

The court decreed an accounting. Defendant appealed.

*Error assigned*, among others, was the decree of the court.

*Edward J. Maginnis*, and *William Wilhelm*, for appellant.

*M. A. Kilker* and *George M. Roads*, for appellees, were not heard.

PER CURIAM, March 22, 1915:

This appeal is from a decree to account. It is dismissed at appellant's costs on the opinion of the learned court below ordering the account.

---

# Davis, Appellant, v. Snyder.

*Judgments—Judgment by confession—Opening judgments—Discretion of court.*

1. It is not an abuse of judicial discretion to open a confessed judgment entered upon a judgment note where the evidence shows mysterious and unnatural conduct on the part of the plaintiff, where no purpose, reason or motive for the action of the judgment defendant in borrowing the money alleged to be the consideration for the note appears, but where it does appear that he was seventy-three years old at the time of the transaction and was shortly thereafter judicially determined to be of enfeebled intellect.

*Practice, Supreme Court—Assignments of error—Defective assignments.*

2. An assignment of error raising objections to depositions which does not show that such objections were raised in the court below will not be considered by the Supreme Court.

Argued Feb. 15, 1915. Appeal, No. 293, Jan. T., 1913, by plaintiff, from judgment of C. P. Schuylkill Co., No. 144, July T., 1910, opening confessed judgment in case of W. J. Davis v. Solomon Snyder. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why confessed judgment should not be opened and defendant let in to a defense. Before BRUMM, J.

The facts appear by the opinion of the Supreme Court. The court opened the judgment. Plaintiff appealed.

*Error assigned* was in opening judgment.